# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MARYLAND

**VICTOR E. SIMS,**
Plaintiff,

USDC- BALTIMORE
'26 AUG 27 PM2:06

v. Civil Action No. JMC 2 6 CV 3 4 1 1

HD
Rcv'd by: AW

**THE ANNIE E. CASEY FOUNDATION,**
Defendant.

# COMPLAINT FOR EMPLOYMENT DISCRIMINATION

# AND DEMAND FOR JURY TRIAL

Plaintiff Victor E. Sims, proceeding without counsel, brings this action against Defendant The Annie E. Casey Foundation for sex discrimination in violation of Title VII of the Civil Rights Act of 1964 and alleges as follows:

## I. NATURE OF THE ACTION

1. This is an employment-discrimination action arising under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e through 2000e-17.
2. Plaintiff alleges that Defendant subjected him to unequal terms and conditions of employment by applying its employment policies differently to him than to a similarly situated employee outside Plaintiff's protected classes.
3. Defendant informed Plaintiff that he would be required to separate from employment if elected to the Polk County School Board.
4. Plaintiff identified another employee who had been permitted to remain employed while engaging in comparable outside public or political activity.
5. After Plaintiff brought the apparent inconsistency to Defendant's attention, Defendant maintained that the other employee could remain employed while Plaintiff would be required to separate from employment if elected.
6. Plaintiff alleges that Defendant's disparate treatment, heightened scrutiny, and inconsistent application of its policies were motivated, at least in part, by Plaintiff's sex.
7. Plaintiff seeks declaratory, injunctive, equitable, and monetary relief under Title VII.

# II. JURISDICTION AND VENUE

8. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, specifically Title VII of the Civil Rights Act of 1964.
9. This Court also has jurisdiction under 42 U.S.C. § 2000e-5(f)(3), which authorizes federal district courts to hear actions brought under Title VII.
10. Plaintiff satisfied the administrative prerequisites for bringing this action by filing a Charge of Discrimination with the United States Equal Employment Opportunity Commission.
11. Plaintiff filed EEOC Charge Number **531-2026-02723** on or about June 12, 2026, alleging discrimination based on sex.
12. On July 7, 2026, the EEOC issued a Determination and Notice of Rights authorizing Plaintiff to file a civil action against Defendant.
13. Plaintiff received the Notice of Rights on July 7, 2026.
14. This action is being filed within 90 days of Plaintiff's receipt of the Notice of Rights, as required by Title VII. The Notice states that a lawsuit must be filed within 90 days after receipt.
15. Venue is proper in the United States District Court for the District of Maryland under 42 U.S.C. § 2000e-5(f)(3).
16. Defendant is located and conducts business in Baltimore, Maryland.
17. Defendant's Human Resources personnel, senior leadership, and other individuals involved in the challenged employment decisions were located in or operated from Maryland.
18. Relevant employment records and documents concerning the challenged decisions are maintained or administered by Defendant in Maryland.
19. A substantial portion of the events, communications, and employment decisions giving rise to Plaintiff's claims occurred in Maryland.

# III. PARTIES

**A. Plaintiff**

20. Plaintiff Victor E. Sims is an adult resident of Polk County, Florida.
21. At all relevant times, Plaintiff was employed by Defendant and performed work remotely from Florida while reporting to and working with Defendant's personnel and operations based in Maryland.
22. Plaintiff is male.
23. Plaintiff is therefore a member of protected classes under Title VII based on sex.
24. Plaintiff has worked for Defendant as a Senior Associate since May of 2023.
25. In that position, Plaintiff has been responsible as a Senior Associate, for leading and supporting multi-state child welfare systems improvement initiatives; managing strategic projects and grant portfolios; facilitating cross-sector collaboration with state agencies, courts, and community partners; providing technical assistance and policy guidance; and advancing initiatives designed to improve outcomes for vulnerable children and families. Plaintiff also coordinated with internal leadership and external stakeholders to implement

systems-change strategies, manage project deliverables, and support the Foundation's charitable mission.

**B. Defendant**

26. Defendant The Annie E. Casey Foundation is a private foundation and employer headquartered in Baltimore, Maryland.
27. Defendant's address is:

    The Annie E. Casey Foundation
    701 St. Paul Street
    Baltimore, Maryland 21202

28. Defendant employed Plaintiff during all times relevant to this action.
29. Upon information and belief, Defendant employs at least 15 employees and is therefore an employer covered by Title VII.
30. Defendant acted through its officers, Human Resources personnel, managers, supervisors, and agents in making and communicating the employment decisions challenged in this action.

# IV. FACTUAL BACKGROUND

**A. Plaintiff's Employment**

31. Plaintiff began his employment with Defendant, The Annie E. Casey Foundation ("Casey"), on May 15, 2023 as a Senior Associate.
32. As a Senior Associate, Plaintiff was responsible for leading and supporting multi-state child welfare systems improvement initiatives; managing strategic projects and grant portfolios; facilitating cross-sector collaboration with state agencies, courts, and community partners; providing technical assistance and policy guidance; and advancing initiatives designed to improve outcomes for vulnerable children and families. Plaintiff also coordinated with internal leadership and external stakeholders to implement systems-change strategies, manage project deliverables, and support Casey's charitable mission.
33. Throughout his employment, Plaintiff remained committed to Casey's mission of improving outcomes for children and families and continued performing his assigned responsibilities while pursuing civic engagement in his personal capacity.

**B. Plaintiff's Interest in Public Service**

34. In early 2025, Plaintiff began considering a campaign for the Polk County School Board, a nonpartisan elected office in Polk County, Florida.
35. Consistent with Defendant's policies governing outside activities and potential conflicts of interest, Plaintiff disclosed his interest in seeking elected office to the Foundation's Controller, the individual identified by policy to receive such disclosures.

36. Plaintiff made this disclosure before filing as a candidate because he sought to comply with Defendant's policies and ensure that his prospective candidacy would not create any employment concerns.
37. Plaintiff was not informed that any additional disclosure was required, nor was he advised that his prospective candidacy would affect his continued employment with Defendant.
38. Relying on the guidance he received and his understanding that he had complied with Defendant's disclosure process, Plaintiff later filed as a candidate for the Polk County School Board.
39. More than one year after Plaintiff made his disclosure to the Controller, representatives of Defendant's Human Resources Department expressed concern that Human Resources had not previously been informed of Plaintiff's interest in seeking elected office.
40. Plaintiff explained that he had followed Defendant's published policy by disclosing his interest to the Controller, as required by the policy then in effect.
41. Thereafter, Defendant began reviewing Plaintiff's continued employment in light of his candidacy for the Polk County School Board.
42. During the course of Defendant's review, Defendant communicated different positions regarding Plaintiff's continued employment. At various times, Defendant discussed whether Plaintiff could remain employed while campaigning, whether Plaintiff would be required to reduce his full-time employment status, and ultimately informed Plaintiff that he would be required to separate from employment if elected to the Polk County School Board.
43. Plaintiff advised Defendant that the Foundation's published Conflict of Interest Policy specifically identifies service on a school board as an example of a position requiring disclosure and appropriate conflict-management measures. Plaintiff requested that Defendant explain how its determination that Plaintiff would be required to separate from employment if elected was consistent with the Foundation's published policy.
44. Notwithstanding Plaintiff's disclosure, his reliance on Defendant's guidance, and his identification of the Foundation's published policy, Defendant ultimately informed Plaintiff that he would not be permitted to remain employed by Casey if elected to the Polk County School Board.

**C. Plaintiff's Efforts to Understand Defendant's Decision**

45. After learning of Defendant's position, Plaintiff sought to understand the basis for the decision.
46. Plaintiff repeatedly requested that Defendant identify the specific written policy, legal authority, or other guidance supporting its conclusion that Plaintiff could not simultaneously remain employed by Casey and serve as a locally elected school board member if elected.
47. During these discussions, Plaintiff identified another Casey employee outside Plaintiff's protected classes whom Plaintiff believed was similarly situated in all material respects relevant to Defendant's stated concerns regarding outside public service and who had been permitted to remain employed while engaging in comparable outside public or political activity.
48. Plaintiff advised Defendant that the Foundation's published Conflict of Interest Policy specifically identifies service on a school board as an example of an elected position

# COUNT I

## Sex Discrimination in Violation of Title VII

(42 U.S.C. §§ 2000e et seq.)

57. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 56 as though fully set forth herein.

58. Title VII of the Civil Rights Act of 1964 prohibits employers from discriminating against an employee with respect to compensation, terms, conditions, or privileges of employment because of the employee's sex.

59. Plaintiff is male and is therefore a member of a protected class under Title VII.

60. At all relevant times, Plaintiff was qualified for his position and satisfactorily performed the essential functions of his employment.

61. Defendant subjected Plaintiff to adverse employment actions and unequal terms and conditions of employment by determining that Plaintiff would not be permitted to remain employed if elected to the Polk County School Board.

62. Plaintiff identified a similarly situated female employee who, upon information and belief, was permitted to remain employed while engaging in comparable outside public or civic activity.

63. Plaintiff brought the comparator and the Foundation's published Conflict of Interest Policy to Defendant's attention and requested an explanation for the differing treatment.

64. Despite Plaintiff's disclosure, his compliance with Defendant's published policies, and his identification of a similarly situated female employee, Defendant maintained its determination that Plaintiff would not be permitted to remain employed if elected.

65. Defendant treated Plaintiff less favorably than a similarly situated female employee under materially similar circumstances.

66. Defendant's actions constitute discrimination because of Plaintiff's sex in violation of Title VII of the Civil Rights Act of 1964.

67. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered damages, including economic and non-economic losses, and is entitled to all relief available under Title VII.

68. Plaintiff has satisfied all conditions precedent to bringing this action under Title VII, including timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission and timely commencing this action after receiving a Notice of Right to Sue

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendant and grant the following relief:

A. Declare that Defendant violated Title VII of the Civil Rights Act of 1964 by discriminating against Plaintiff on the basis of sex.

B. Enjoin Defendant from applying its employment policies in a discriminatory manner and order Defendant to cease unlawful discrimination against Plaintiff on the basis of sex.

C. Order such equitable relief as the Court deems appropriate, including reinstatement or permitting Plaintiff to remain employed by Defendant free from unlawful discrimination, as appropriate.

D. Award Plaintiff compensatory damages as authorized by Title VII for the injuries he sustained as a result of Defendant's unlawful conduct.

E. Award Plaintiff back pay, lost benefits, front pay, or other equitable monetary relief to the extent proven and permitted by law.

F. Award Plaintiff pre-judgment and post-judgment interest as permitted by law.

G. Award Plaintiff the costs of this action.

H. Grant such other and further legal or equitable relief as the Court deems just and proper.

# JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Victor E. Sims
Plaintiff, Pro Se
4017 Oak Preserve Drive
Winter Haven, Florida 33880
(863) 259-9424